```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
JAMES MOORE; ANDREW L. BROWN,

                Plaintiffs,           MEMORANDUM AND ORDER
                                      22-CV-04208 (KAM)
        -against-

BROOKLYN HOSPITAL CENTER;
WYCKOFF HEIGHTS MED. CENTER,

                Defendants.
------------------------------x
```

**KIYO A. MATSUMOTO, United States District Judge.**

On July 15, 2022, *pro se* Plaintiffs James Moore and Andrew L. Brown ("Plaintiffs") filed this *in forma pauperis* ("IFP") action asserting federal-question jurisdiction, and seeking damages against defendants for medical malpractice and negligence against Defendants Brooklyn Hospital Center and Wykoff Heights Medical Center ("Defendants").[1]  For the reasons set forth below, Plaintiffs' requests to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 are GRANTED, and the action is DISMISSED without prejudice for lack of subject matter jurisdiction.

---

[1] The 90-day period for service of process on Defendants set forth in Federal Rule of Civil Procedure 4(m) expired on October 13, 2022, and Defendants have not been served.  Failure to serve process within 90 days provides authority for the Court to dismiss the case.  *Fed. R. Civ. P. 4(m)* ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.")  The Court, however, considers Plaintiff's Complaint on the merits.

1

## Background

The following facts are taken from the Complaint, the allegations of which are assumed to be true for purposes of this Memorandum and Order.  On June 20, 2022, Plaintiff James Moore, the father of co-plaintiff Andrew Brown, was admitted to Brooklyn Hospital and discharged on June 22, 2022. (ECF No. 1, Complaint at 5.) On June 24, 2022, following a medical incident, Moore was taken to Wycoff Heights Medical Center and discharged that day.  (*Id.*)  Following his discharge, Moore fell, was readmitted, and a pacemaker was implanted. (*Id.*) Plaintiffs now request monetary damages of $50,000 from Defendants.

## Standard of Review

A district court shall dismiss an *in forma pauperis* action where the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotations omitted), a complaint must plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a pro se complaint, the Court must be mindful that Plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a pro se complaint liberally.").

## Discussion

If the Court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.A.R.L.*, 790 F.3d 411, 416-17 (2d Cir.

3

2015) (holding that a district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

According to the Complaint, the basis for subject matter jurisdiction is federal question jurisdiction, which provides federal courts jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." (ECF No. 1, Complaint at 4.) *Bounds v. Pine Belt Mental Health Care Res.*, 593 F.3d 209, 215 (2d Cir. 2010) (quoting 28 U.S.C. § 1331). A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd of Educ. of City of Bridgeport,* 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks and citation omitted).

Construing Plaintiffs' allegations to "raise the strongest arguments they suggest," *McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017) (quoting *Bertin v. United States*, 478 F.3d 489, 491 (2d Cir. 2007)), the Complaint does not suggest any basis for the exercise of subject matter jurisdiction. Plaintiffs' claims do not arise under the Constitution or any federal laws. *See* 28 U.S.C. § 1331.

4

Plaintiffs' claims for negligence and medical malpractice arise under state law, not federal law.  *See, e.g., Reyes v. New York Presbyterian Hosp.*, No. 20-CV-3046, 2020 WL 6161261, at *2 (E.D.N.Y. Oct. 21, 2020); *Panchitkhaew v. Long Island Jewish Med. Ctr.*, No. 18-CV-4434, 2019 WL 1492780, at *3 (E.D.N.Y. Apr. 4, 2019) (noting that medical malpractice and negligence are state law claims).  Because the Court does not have federal-question jurisdiction, the Court can not adjudicate this claim, unless it has diversity jurisdiction.

Under the diversity statute, federal courts have subject matter jurisdiction over claims when the plaintiff and defendants are of diverse citizenship and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a); *see also Bayerische Landesbank, N. Y. Branch v. Aladdin Capital Mgmt. LLC,* 692 F.3d 42, 48 (2d Cir. 2012).  The party asserting diversity jurisdiction bears the burden of proving that it exists by a preponderance of the evidence.  *Aurecchione v. Schoolman Transp. Sys., Inc.,* 426 F.3d 635, 638 (2d Cir. 2005); *Finnegan v. Long Island Power Auth.*, No. 17-CV-4424, 2019 WL 4467559, at *3 (E.D.N.Y.  Sept. 18, 2019).  Because all parties to the action are citizens of New York, diversity of citizenship is lacking, and the requirements of 28 U.S.C. § 1332 are not met.  *See, e.g., Nimham-El-Dey v. Health and Hosps.,* No. 21-CV-8238, 2021

5

WL 5166385, at *4 (S.D.N.Y. Nov. 5, 2021) (noting that plaintiff asserts state law claims of medical malpractice, but he does not allege facts demonstrating that the Court has diversity jurisdiction to consider those claims).  In the absence of a basis to support this Court's subject matter jurisdiction, Plaintiffs' complaint must be dismissed.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii); Fed. R. Civ P. 12 (h)(3).

Plaintiffs' claims are dismissed without prejudice and they may pursue any valid claims they may have against the Defendants in state court.

Plaintiff may also seek assistance from The Federal Pro Se Legal Assistance Project, a free, limited-scope legal assistance clinic operated by the City Bar Justice Center of the New York City Bar Association. The website is: https://www.citybarjusticecenter.org/projects/federal-pro-se-legal-assistance-project/ and the free hotline phone number is: 212-626-7383.

## Conclusion

For the reasons set forth above, Plaintiffs' complaint, filed *in forma pauperis*, is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Federal Rule of Civil Procedure 12(h)(3).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore, *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment in favor of Defendants, serve a copy of this memorandum and order and the judgment on Plaintiff, note service on the docket, and close this case.

**SO ORDERED.**

DATED:   November 8, 2022
         Brooklyn, New York

_____/s/_____
**HON. KIYO A. MATSUMOTO**
United States District Judge